Good morning, Your Honors. I'm Gregory Anderson, and I represent National Union Fire Insurance Company. Yes, good morning. Good morning. I'm not sure there's a lot I can add to my briefs, so I tried to bring to the Court as much as I could, the most relevant cases. But there is several points that I'd like to emphasize with the Court this morning, beginning with the notion that under the California governmental interest approach to choice of law, California law is going to apply to every issue in the case until someone comes in, in this case Falcon Jet, and demonstrates that there is an appropriate law by another jurisdiction that has an interest in the case that outweighs or that would be more significantly impair California's interest than vice versa. And that's where the point or the clash is going to occur. The economic loss rule is the same in New Jersey and California. The difference, and I think we're quite agreed on this, is that California case law has developed this specific factual test for what's the difference between the product itself and other property. And the KB Home case has a very important point in it, which is that this fact-based test, when you deprive a party of that, you infringe upon that person's, that party's constitutional right to a jury trial. In California, every party has a right to have all the significant factual decisions made by a jury. Are you suggesting then, counsel, that there are no circumstances under which a district court could direct a verdict? You couldn't take it from a jury under any certain... There's no summary judgment would not be available in a case like this under any circumstances? No, no, that's not the case. It's always the case that if the facts aren't in dispute and there isn't enough facts on the side of the party or enough evidence on the side of the party that has the burden of proof that the court can rule against him. In this case, we did provide the court with proof that, if believed by the jury, would allow us to win under the California factual approach, that test. And the test basically says, would the component invariably cause damage to the larger product? And the evidence that we presented to the court was the declaration of the investigator, said in the follow-on investigation they discovered a number of aircraft that had the same part, the same defective up-locks box with the fractured spring inside, but those aircraft still operated properly. So under that California factual test, the defective component would not always cause damage to the larger product. And that's why, if the California law applies, then we have the right to go to the jury and the judge should not have granted the summary judgment motion. You can't get summary judgment here just because there are other defective airplanes that haven't failed in the same way that this one failed? Yes, because the defective part would not invariably cause damage to the larger product. You've just raised it. All you've done is you're able to demonstrate a genuine tribal issue of fact on this particular issue. Thank you. And if you couldn't, the district court could still grant summary judgment, even under California law. Absolutely, Your Honor. Much better said than my take on that. I'm still not sure why I understand. I'm not yet persuaded that California's interest here should outweigh Jersey's. It's not a matter of outweighing. You need to identify whether California... Or stronger, why California has a stronger interest in having its law apply to this particular circumstance. The interest that California law has is, as I argued to the district court, that it's the interest in the application of its tort laws in the products liability arena to make safer products, to hold manufacturers liable when their products cause damage to other property. And they also have, which is why I point to this KB Home case, that jury trial interest in having this particular factual test applied in every case in which the economic loss rule is raised. That is a constitutional interest of California, according to KB Home, in that particular test that Falcon Jet wants to displace with New Jersey law. So in addition to the interest that California has in the application of its product liability law generally, this particular test also includes that constitutional interest in the jury trial. And you look at whether New Jersey also has an interest in the application of its law, and I'll address that shortly. But when you get to the third step, you don't pick which is the stronger interest or which is the better interest. You look and see whose interest would be more impaired if the other jurisdiction's law is applied. And that's what the Lettieri case deals with. But if we were to apply New Jersey law, why does that cause such an impairment to California's interest in having its law applied? Because you take away national union's right that it has under California law to have that issue submitted to a jury. That's the impairment? That's the impairment. That's what I thought your argument was. That and the interest that California has in the application of its law in general, in the application of the product's liability, and drawing that line between tort and contract, New Jersey and California both have that line. The economic loss rule is an exception to the rule that this is going to be governed by contract. It tells us if we damage something other than the product that we bought,  if all we're talking about is a failure of the thing I bought, then that's going to be governed by contract. And the contract here was performed in New Jersey, isn't that correct? No aspect of this contract was performed in California. No, the connection to California is that the accident occurred here, the action is filed here, and in fact the aircraft was originally sold to a California corporation with its defective up-lock box, although it had not failed at that time. So California certainly has an interest in deterring the accidents involving defective products, whether they fly in, drive in, or come in and go. The question of the exception to the contract rule, though, the contract was performed in New Jersey. The last sale of this airplane occurred in New Jersey. Well, you know, these multi-state transactions are hard to really say where the transactions occurred. Did it occur in California? I'll agree that it didn't occur in California. Okay. So if we get to New Jersey law, if you're stuck with New Jersey law, the district court said you were, what should happen? Where did the district court go wrong? The district court went wrong by instead of saying whose law would be more impaired by the application of the other, saying that I think New Jersey has a stronger interest than California, and therefore I'm going to apply New Jersey law. He didn't appropriately apply that third step of the analysis that says you have to look and see whose law would more impair the other, and the ruling from Lettieri is if under one state's law one party or the other might win and you just have to submit that issue to the jury, and under another party's law or another state's law one party must win and it's over, then you need to apply the law of the state where either party has a chance to win, and that way either state's interest may be served. So if we're applying New Jersey law as the district court did, are you still entitled? Did the district court make an error? I think New Jersey law is not as clear if he applies New Jersey law because New Jersey law in the products liability statute does say that someone who's liable under that can include a manufacturer of a component, and it does say that the manufacturer of a component can be held liable for damage to other property, and there is no test under which it's determined whether that component, if it causes damage to the larger product, has caused damage to other property. There simply isn't one, and I know Falcon Jet's position is because there isn't an issue under New Jersey law, but there has to be a decision on that somehow. There has to be a way to determine whether the component manufacturer, the failure of his product has caused damage to another product or to other property, and whether or not that can ever be a larger product just hasn't been decided under New Jersey law. What evidence are you prepared to put into dispute here as to what larger product was damaged here or what collateral damages there were? There was damage to the aircraft, to the fuselage, to the ray dome. There was damage to avionics that had been purchased afterwards and damage to the emergency. Avionics meaning what? Avionics is the electronics that the aircraft uses to fly, the flight computers and the radios and that sort of thing. We're not talking stereo systems, not the way it was tricked out inside. No, this is actually equipment that is used to operate the aircraft, and those sorts of things, because electronics in aviation are advancing all the time, those get replaced regularly. Does the record document what those add-ons were? It does not. We do have the declaration of our investigator that when he went to the scene and he looked at the aircraft, he did see damage to the aircraft and the avionics and the items that were in there. We don't know what was added on? No, Your Honor, I don't have a list of what was new and when. Counselor, I'd like to go back to a question that Judge Pye has asked you, which was the district court finds that under choice of law principles that we're going to apply New Jersey law, and as I read the district court's decision, I'm looking at page 13 of the district court's decision, once he decides that New Jersey law applies, it looks like he then gives you one sentence, basically, that says, therefore you lose. Without a lot of analysis, do you want to tell us, I mean, the New Jersey rule and the California rule, the California rule just appears to me to be a little better developed, because they've had all these home cases, which you had in New Jersey, but we've had boat cases and you've had the helicopter case in the Sixth Circuit. So why is the district court wrong on the merits, even assuming that you get to New Jersey law? Again, the component manufacturer under the New Jersey Product Liability Act can be held liable in tort if his product fails and causes damage to other property. And there is no test specified under New Jersey law that would tell you how you make that determination. But if the issue is... So are you conceding, then, that you lose if New Jersey law applies? You lost, but are you conceding that point? No, I still think you have the issue, because they sought summary judgment, that you have the avionics and the parts that were added here. You just say avionics, but you can't tell us, by pointing to the record, summary judgment record, which parts were added on after the plane was manufactured. No, I cannot. That's what I thought. You're absolutely correct on that. Under New Jersey law, you go back to the boat case, where the boat sinks. You have to say that a front strut and wheel looks like it's pretty integral to an airplane. That's a little different, because in the boat case, it was a seam in the hull of the boat that failed, and not a discrete part that was within the boat. And that's what you have here. You have a discrete part that's inside the aircraft. If you go to buy a house, at least my experience in buying a house, is that the real estate agents are going to sit down and they're going to say, here's your house, now would you like windows with that? And then you get your choice of Pella, or you get your choice of Anderson, or something else. I get my choice of countertops, and you have the furnace case in the KB Holmes case. I may want to upgrade the furnace. And these are maybe some discrete parts made by different people and sort of self-contained. But a front strut on an airplane? Is this available in Chrome? White walls or something? No, Your Honor, I think this is a particular part for this. It seems pretty integral to the plane, doesn't it? It seems like you would, but for the front strut, you really wouldn't have an airplane, at least not one that would function. It would function pretty well about 99% of the time until you tried to land it. An aircraft that can't land isn't much use to the owner. It would seem high risk, but maybe you'd get a discount on that plane. You would hope. Well, I think what the argument ends up, if New Jersey law applies, and you're correct that I lose as a matter of law under New Jersey law, that militates in favor of the application of California law because the California interest is going to be completely impaired by the application of New Jersey law. That's what the Lettieri case teaches, and that's why it's so significant to the arguments that the National Union is making. Would you like to save the balance of your time for rebuttal? I'll take your advice on that one, Your Honor. You can keep going if you want. Let me just address one other point, and there's a question. When you do the governmental interest analysis, you can look at whether the particular issue is a hot topic in one jurisdiction as opposed to the other. And counsel cited the recent case of Trans-Hudson Express v. Nova Bus Company, the 2007 New Jersey case, which says that that court believes that New Jersey will not recognize a sudden and calamitous exception. To me, that means that Consumer Powers is right. It's still up for grabs. New Jersey hasn't decided that issue, and New Jersey's interest may not be implicated at all in this case. And I'll reserve the rest of my time. Thank you. Okay. Let's hear from the other side. Good morning, Your Honor. Anthony Latchley for DASO Falcon Jet. Good morning. I guess I wanted to start at the beginning and address the issue, which seems to be addressed by the appellant in the lower court and then somewhat abandoned on the appeal, and that is whether or not we, in fact, have a conflict of law here. It seems that at times the appellant has argued that there is no conflict of law because both states recognize the same principle. And if we look at some of the case authority on this, it's not whether or not the states recognize the same principle. It's whether or not the states apply the law in the same way. And a couple of good examples of that are the Hurtado case, where both Mexico and California recognized wrongful death damages. It was just that Mexico had a cap on those damages, so it's a difference in the application of the damage rule. Also, the plaintiff's cite or the appellant's citation of Lettieri, while I don't think it stands for the proposition of impairment that the appellant suggests, it does stand for the proposition that where two states recognize that an insurance company has a defense to a policy based upon a misrepresentation, there can be a difference in the way... So what's the conflict here? The conflict here is that under New Jersey law, there is no possibility for recovery where a component part damages the greater integrated product. Under California law, there is an opportunity for recovery based upon the test that was announced in the KB Holmes and the Jimenez case. So that doesn't really have anything to do with the jury then, the way you've described it to me. Well, I think that's correct. It doesn't have to do with the jury. Ultimately... You've articulated that as a no recovery rule in New Jersey and a maybe recovery rule in California. Correct. And if it's a maybe recovery rule in California, it may happen in front of a jury and it may happen in front of a judge depending upon... Because the general rule that's being adopted here, the economic loss rule, doesn't appear to be unique to New Jersey or California. It seems to be a fairly broadly accepted rule. It doesn't look like in the abstract that New Jersey and California have articulated it in terribly different ways. What it looks like to me, I'll tell you what the cases look to me, what it looks like to me is that California has confronted more instances than New Jersey has and has been a little more subtle about it because it's had all these home cases, which tend to be big, huge boxes with disparate things and some things that look like they're self-contained. And it's hard to say, is a house a complete integrated entity or does it consist of a bunch of separate parts? And New Jersey has not confronted this in the boat case and Ohio didn't confront it in the helicopter case. But what's important here is that New Jersey has confronted it, has confronted the issue, the facts similar to this case in the boat case and they found that when a component part damages the remainder of the product, that economic loss bars recovery under tort. Not clear that California would take a different view of a boat. It's taken a different view of houses, but it's not clear that California would take a different view of a boat. My take would be that California takes a different approach to component parts of products, not necessarily houses. If you had a boat that was tricked out and a scene went on the boat and you had really fancy stereo equipment or you put some really nice furniture on it or something, something that was detachable, you can imagine a situation which California might say, yeah, let's send this over to the jury and ask them whether they think that this was really part of the boat or whether it was something else. I could see that, but I think it's clear in New Jersey that if the equipment is after added equipment, you may have a claim for that outside of economic loss. But for the integrated product that you purchased originally and from the seller from whom you were seeking tort remedies, that claims are. This is the argument I was pursuing with Mr. Anderson, which is that it seems to me that it's pretty difficult to conclude that a front wheel strut is anything but part of the airplane. I absolutely agree. But that's a judgment on the merits. And it seems like that would not be in dispute then between California and New Jersey. Well, there's a dispute in the application and the district court here was asked on summary judgment to apply the economic loss rule to this case. If we were to disagree with the district court here and send this back and tell the district court to apply California law, do you think this thing has to go to a jury? I assume that you would come in and argue before the district court that notwithstanding the Katie Holmes case and the Jimenez case. I'm not sure that it would have to go to a jury. That the district court can conclude that a wheel strut is integral to an airplane. If there's no dispute as to all of the facts necessary for the court's examination of that, I think the court could decide it as a matter of law. And I'd like to also address this Lettieri case because I think that the rule that the plaintiffs have asserted for the application of that case is much broader than the language of the case. Nowhere does Lettieri talk about an interest in the right to jury trial. I don't even think the word jury is used in the Lettieri case. The interest that California is protecting there, and it's articulated on page 933, it says California has economic and as the forum judicial interest in protecting its residents from an erroneous denial of insurance proceeds. Further down in the paragraph. Without the opportunity that California law provides, its residents might pursue such a theory. These residents might become an economic burden to the state. So really in Lettieri they're saying California has an interest in protecting its residents when they are making claims under an insurance policy. In this instance, the district court was correct in finding California's interest is so limited as to be virtually non-existent. There's no California plaintiff. There's no California defendant. There's no California seller. There's no tort occurring in California. I think one would be hard-pressed to find a case where someone decided to apply California law when you have none of those connections to the jurisdiction. Let me go back to a question I asked Mr. Anderson. Again, I'm on page 13 of the district court's decision. And I am still puzzled by the way that the district court handled this because it looks to me like he's got a lengthy analysis of the conflict of laws. Concludes there in that paragraph in the middle of page 13 that New Jersey's interest would be impaired if the court applied California law. Penultimate sentence in that paragraph. Accordingly, the court applies New Jersey law to this action. Under New Jersey law, the economic loss bars the plaintiff's strict liability and negligent cause of action. In other words, choice of law, ergo case over. No application, no analysis of the cases. What am I missing here? Am I missing some language that should have been between those two sentences? Well, I'm prepared to address this, and I certainly don't try to speak for the district court. But I think the district court gave an analysis of what the New Jersey law was when it was discussing the conflict of laws principles. It's also important that at no time in the lower court did the plaintiffs argue how New Jersey law would apply to the facts of this case. They only did that on this appeal. I'm prepared to tell you the analysis would be that this claim would be barred. The line of New Jersey cases recognizing the economic loss rules begins with the Alloway decision. And what's significant about the Alloway decision is that the New Jersey Supreme Court relied heavily upon the United States Supreme Court decision in East River. And East River gives us lots of nice statements that tell us how the court is going to find when a component part damages the rest of an integrated product. East River, as I recall, was a maritime case, right? It was a maritime case. We weren't applying New Jersey tort law or anybody else's tort law, otherwise. That's correct. But when the New Jersey State Supreme Court was looking at a product liability action, not necessarily applying maritime law, they did look to the principles enunciated in East River because those generally relate to economic loss. And the Supreme Court said, the U.S. Supreme Court said, that since all but the simplest of machines have component parts, a contrary holding would require a finding of property damage in virtually every case where a product damages itself. Such a holding would eliminate the distinction between warranty and strict product liability. That principle is recognized by the New Jersey Supreme Court in the Alloway decision. If you go to the next time that the New Jersey courts speak to a component part damaging an integrated product, that's the Goldston case, which is the New Jersey Court of Appeal, where you've got the placement of an engine below a deck in a 40-foot boat, causing the boat to catch fire. That was an event which was sudden and calamitous, and it was an event in which a component part caused damage to the larger integrated part. The New Jersey court had an opportunity to pass upon those issues, which the appellant here suggests would eliminate the application of the economic loss rule. And the New Jersey court found the economic loss rule applied. So the New Jersey court doesn't believe that sudden and calamitous events restrict the application of the economic loss rule, nor does the New Jersey courts believe that a component part damaging the larger part of an integrated part is something that requires further analysis, as the California courts would suggest. One thing, a case that I came across recently, it's not in the briefs, that I think is important, it's a Ninth Circuit case, talks about how the district court is to apply state law once it determines what state laws applies. And in the case of Moore v. RG Industries at 789 Fed 2nd 1326, this circuit said, in assessing how a state's highest court would resolve a state law question, absent controlling state authority, and the appellant suggests there's an absence of state authority. I don't believe that's the case, but assuming that's the case, federal courts look to existing state law without predicting potential changes in the law. So the suggestion that somehow we should go over and look at what California's done in applying New Jersey state law would be predicting a change in New Jersey state law. The New Jersey state courts have had the opportunity to look at events just like this one, and they have applied the economic loss rule to those events in a manner consistent with the way the district court has held here. The district court also relied on the cases of Napurano, which was a United States district court case. Again, it was a catastrophic failure of a component part which damaged a larger integrated product. I think it was a clutch in a crane, so the crane boom fell. In that case, the district court also found that the economic loss rule precluded any tort recovery for damage to the product. One issue I'd also like to mention is the district court glossed over the Ohio law, and I think there is a valid argument that Ohio law would also apply to this circumstance. I don't think that the economic loss rule is necessarily a rule that has an interest in simply protecting sellers. According to the U.S. Supreme Court and just about every other court that's passed on the economic loss rule, it's a rule that has its interest in protecting the bargain for transactions. Understand, in this case, you have a company that ultimately leased an aircraft through a series of transactions during which, every time the aircraft changed hands, it was taken as is. The ultimate company that had it, Scotts, took it under a lease as is. Now, if Scotts wanted to negotiate a different agreement, such that they had greater rights than the warranty they received, and as is warranty, that would have affected the price. But as a buyer, they were able to negotiate a better price by securing a certain type of warranty provision. And the economic loss rule says that they should be held to those warranty provisions that were negotiated, and this is the principle that should be enforced. So, this goes back to the idea, it's not simply a seller protectionist statute. The buyer gains a benefit from the economic loss rule and the preservation of parties' abilities to bargain for the types of warranties they'd like in a commercial setting. Not touched upon by the appellant was the statute of limitations argument. It appears that the argument was waived in the lower court. There was no discussion of it. The record's clear. This aircraft was delivered in 2000. The landing gear event occurred in 2004, and the lawsuit was filed in 2005. California, New Jersey, and Ohio agree that there is a four-year statute of limitations on warranty claims. Let me ask one question. I've just been listening to your exchange here with Judge Bybee and thinking about what was argued in the brief. I gather, it's not clear to me, but the landing gear that was at issue here that failed, was it sort of like its own separate component? No. That was just sort of, you know, like the window frame, as Judge Bybee, all ready to go, just needed to be bolted in, and boom, we've got our landing gear. No. Well, and this is not in the record, and it would be the plainest burden on this issue, but it's not an interchangeable product. You can't just drop it out. Yeah, and I think the good analogy is it's not like a tire. You know, there's a size of tire that you can go buy that can be applied to seven different makes of automobile. That's not the case. Or you can decide to put a larger tire on your rear if you want a white wall or if you want a fatter tire or something. Exactly, exactly. Another issue I'd like to address is the avionics issue, and it should be clear. All the plaintiffs talked about in their complaint was the damage to the aircraft. On summary judgment, they brought up the idea of avionics, but nowhere do they indicate that any of this was later added property, and the term avionics in and of itself doesn't imply later added property. It simply refers to electronic aeronautical equipment, and this exact issue was addressed by the First Circuit in the case of Lockheed Martin versus RFI. In that case, Lockheed Martin had some special rooms constructed where they tested antenna equipment, and because of a defect in, I think, a sprinkler system, the rooms were flooded. And in bringing their case, which was ultimately barred by the economic loss rule... Which jurisdiction? This was Massachusetts. Lockheed attempted to bring up this other property that had been damaged to try and have that property escape from the clutches of the economic loss rule, and the court said, we see no reason to allow Lockheed to claim damage to other items when it never bothered to mention or even hint toward damage to anything beyond the integrated product, which was the anechoic chamber itself in the complaint, and held that not only that, but Lockheed hadn't even put the defendant on notice of damage to other property. So a reading of the complaint and a reading of the plaintiff's separate statement of facts is that there's no reference to added equipment, nor would it be my client's burden to prove the lack of damage to added equipment. The burden would have been with the plaintiff to prove that point. I think I've addressed the principal issues. Are there any specific questions that the court has? Oh, I'm sorry. There's one point I'd like to raise, and that was, there was a discussion during the appellant's argument about California's deterrent interest, and many courts across the country have spoken to this issue, including the California courts, and that is that the economic loss doesn't affect the state's interest in deterring having defective or dangerous products coming into the state. Almost universally, the states agree that their tort product liability law, which imposes damages for injury to persons and other properties, in and of itself is a sufficient deterrent, and the economic loss rule does not undermine or weaken that deterrent interest. In conclusion, I think there is a conflict of law here. There's clearly a conflict in application. The Lettieri case does not stand for a proposition that California has some significant interest here. California's interest is, I believe, significantly limited. I think from the line of New Jersey cases that was cited both in the lower court and in our brief, it's clear that under the application of New Jersey law, even if the court didn't engage in a written specific application of that law, it's clear that this claim would be barred under the economic loss rule. I think the court was correct in that finding, and I think the court was also correct in finding that the unopposed arguments regarding the application of summary judgment regarding the statute of limitations were well taken, and that this case would be barred in any of the three possible jurisdictions under the four-year statute. Thank you. Okay, thank you. We have a few minutes for rebuttal. Thank you, Your Honor. Just quickly, I think counsel admitted that if you apply New Jersey law, my client's right to a jury trial is gone. It's evaporated. If you apply a California law, I get to go to a jury. And that, I think, is extremely significant. That's not quite correct. I should get a jury. It is a factual issue under Jimenez and the KB Home case. Well, it can be a factual issue, and they said in that case it was a factual issue. Correct. Okay. But that doesn't mean in every instance it's a factual issue. No, I wouldn't say in every instance, but in this case there's sufficient evidence that my client should have been allowed to go to the jury on that issue. Let me just clarify one thing from you. How does... What is a test that New Jersey uses for not applying the economic law? That's the problem. I've been unable to find any test anywhere where New Jersey says the difference between the product itself and other property is this, that there is no test. California has that very specific test. And I think that the California courts are correct that, in essence, that's a factual determination. And whatever test you apply, you're going to have to have some facts to back it up. If it's a product sold test, for instance, whatever product Falcon Jet sold would be the product of anything that was part of it. That would be a factual inquiry you would have to make. What was the product was sold? What's the evidence that shows it? So is it fair to say that under New Jersey law, at least as you understand it, that they basically apply the economic loss rule? Yes, they said we follow... Unless there's an exception. And the only exception that seems to be recognized is add-on. Like I said, it's unclear to me what the test is and where that line is drawn in New Jersey law. There just isn't enough case law for anyone to say... And California has definitely limited or softened the economic loss rule. They've chosen to draw that line probably closer on the tort side. Allowing tort damages. Yes, rather than to limit parties to their contract actions. Okay. Thank you. Thank you very much. We appreciate your arguments in this case. It's an interesting case. The matter will be submitted now. Our last case for the day and for the week is Kalajian v. Astru.
judges: Nelson, Paez, Bybee